```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| UNITED STATES OF AMERICA, | |
|---|---|
| **Plaintiff**, | |
| v. | **Criminal No.** 22—511 (FAB) |
| WILMER ALICEA-CURRÁS, | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Wilmer Alicea-Currás ("Alicea")'s motion to dismiss the superseding indictment. (Docket No. 43.) For the reasons set forth below, the motion is **DENIED**.

**I.   Background**

Alicea was indicted in a superseding indictment on April 20, 2023, for one count of possession of a machinegun pursuant to 18 U.S.C. section 922(o). (Docket No. 28.) The indictment states that Alicea knowingly possessed a machinegun, namely a "Sharp Brothers pistol . . . and one Zev Technologies pistol . . . that had been modified so that it was capable of firing more than one shot, without manual reloading, by a single function of the trigger." Id. "When a defendant seeks dismissal of an indictment,

Criminal No. 22—511 (FAB)                                                              2

courts take the facts alleged in the indictment as true. . . ." United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015).

Alicea explains in his motion to dismiss that his pistols are fitted with commercially available "forced reset triggers." (Docket No. 43 at p. 2.)

**II.  The Motion to Dismiss**

Alicea moves to dismiss the indictment, arguing that the definition of 'machinegun' does not include firearms fitted with commercially available 'forced reset triggers.'[1]  (Docket No. 43 at pp. 5—10.)  To do so, Alicea goes into specific detail on the mechanical function of the triggers, lists several weapons experts who supposedly agree that firearms with forced reset triggers are not machineguns, and analyzes the statutory definition of machinegun as applied to the manner in which forced reset triggers function. Id. at pp. 5-14.  He also argues that if the Court finds that the statute is ambiguous, it should apply the rule of lenity and resolve the ambiguity in his favor. Id. at p. 14—16.  Alicia also argues that an ATF "open letter" that advises that certain

---

[1] Alicea states he moves to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A), which allows a defendant to allege defects in instituting the prosecution, such as improper venue, or selective or vindictive prosecution.  See Docket No. 43 at p. 1.; Fed. R. Crim. P. 12(b)(3)(A).  Because the rest of Alicea's motion attacks the sufficiency of the indictment to state an offense, the Court construes the motion to be pursuant to Rule 12(b)(3)(B) instead.   Fed. R. Crim. P. 12(b)(3)(B).

Criminal No. 22—511 (FAB)                                                                 3

forced reset triggers convert firearms into machineguns is a violation of the Administrative Procedure Act. Id. at pp. 16—18. Finally, Alicia argues that the government cannot establish his *mens rea* because it will not be able to prove that he knew the guns were machineguns. Id. at pp. 18—21.

The government argues that Alicia is raising factual and evidentiary arguments that are improper at the motion to dismiss stage, and that the ATF's open letter is irrelevant to his prosecution. (Docket No. 19, adopted by Docket No. 46.) The Court agrees with the government.

### A.  Legal Standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b) allows a defendant to move to dismiss for defects in the indictment, including lack of specificity and failure to state an offense. See Fed. R. Crim. P. 12(b)(3)(B). "What counts in [determining the sufficiency of the indictment] are the charging paper's *allegations*, which we must assume are true." United States v. Guerrier, 669 F.3d 1, 3—4 (1st Cir. 2011) (emphasis in original).

A motion to dismiss based on failure to state an offense requires the district court to determine whether the indictment's

Criminal No. 22-511 (FAB)                                                                                              4

allegations are sufficient but not to weigh, before the trial and on a contested record, whether the government has sufficient evidence to establish that the offense was committed. Compare United States v. Espy, 145 F.3d 1369, 1372-74 (D.C. Cir. 1998) (affirming district court's dismissal of one count of the indictment for failure to state an offense, based on the court's interpretation of the meaning of the words "department" and "agency" as not reaching the executive office of the president and therefore not the defendant), with United States v. Stepanets, 879 F.3d 367, 373-74 (1st Cir. 2018) (reversing district court dismissal of indictment where defendant's motion was actually a factual argument that the defendants did not perform pharmacy duties within the meaning of the statute, rather than a legal argument that the indictment did not plead sufficient facts). The former is proper for a pre-trial motion to dismiss, while the latter is premature before facts are presented to the factfinder or stipulated to by the parties. See Ngige, 780 F.3d at 502 (affirming district court denial of motion to dismiss the indictment where the defendant's argument "rested on factual disputes left to the factfinder"); Stepanets, 879 F.3d at 372 ("[A] court must deny a motion to dismiss if the motion relies on disputed facts.").

### B.  Analysis

18 U.S.C. § 922(o) prohibits the possession of a "machinegun," which is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."  26 U.S.C. § 5845(b); 18 U.S.C. 921(a)(24).  The indictment accuses Alicea of possessing two pistols "that had been modified so that [they were] capable of firing more than one shot, without manual reloading, by a single function of the trigger."  (Docket No. 28 at p. 1.)

Alicea argues that firearms with forced reset triggers do not fire more than one shot with a single function of the trigger, asserts that the government will not be able to prove that he knew he had a machinegun if the Court were to rule that his weapons were machine guns, and invokes the rule of lenity and the Administrative Procedure Act in interpreting the statute. (Docket No. 43.)

#### 1. Forced Reset Trigger and *Mens Rea*

To make his argument, Alicea goes into specific detail on the mechanical function of the forced reset trigger, lists several weapons experts who will evidently state that firearms with forced reset triggers are not machineguns, and makes a statutory argument applying the manner in which forced reset

Criminal No. 22—511 (FAB)                                                                 6

triggers function to what he states is the statutory framework. (Docket No. 43 Id. at pp. 5—14.)  As the government points out, the problem with this argument is that it is not properly before the Court on a motion to dismiss the indictment.  (Docket No. 19 at pp. 5—10.)

"[A] court must deny a motion to dismiss if the motion relies on disputed facts."  Stepanets, 879 F.3d at 372. Alicea makes multiples factual assertions, but the government has not stipulated to these facts to allow the Court to decide, pre-trial, what may be the ultimate issue.  See United States v. Rodríguez-Rivera, 918 F.3d 32, 35 (1st Cir. 2019) ("a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts.") (quoting United States v. Musso, 914 F.3d 26, 29—30 (1st Cir. 2019)); Ngige, 780 F.3d at 502 (motion to dismiss properly denied where it "rested on factual disputes left to the factfinder"); Fed. R. of Crim. P. 12(b)(1)("A party may raise by pretrial motion any defense, objection, or request that the court can determine **without a trial on the merits.**") (emphasis added).

The indictment here alleges the elements of the crime, namely that the pistols were "modified so that [they were]

Criminal No. 22—511 (FAB)                                                                 7

capable of firing more than one shot, without manual reloading, by a single function of the trigger." (Docket No. 28 at p. 1.). At this stage the government has met its burden; whether the government is able to prove this is true will be its burden at trial. See Ngige, 780 F.3d at 502. By the same token, the government does not need to allege in the indictment what evidence it will use to prove the element of *mens rea*. See Rodríguez-Rivera, 918 F.3d at 35 (explaining the a "a Rule 12(b) motion" is not "an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense.").

Thus Alicea's arguments, at this stage, are unavailing. See United States v. Hoover, No. 3:21-cr-22(S3)-MMH-MCR, 2022 WL 10524008, at *9 (M.D. Fla. Oct. 18, 2022) (denying motion to dismiss that argued defendant's particular component was not a machinegun conversion device because that "argument, of course, is really a challenge to the sufficiency of the evidence in support of the charge which is improper at this stage of the proceeding.")

   2.   **Lenity and the ATF Open Letter**

Alicea argues that if the Court finds the relevant statute ambiguous when determining whether the definition of 'machinegun' encompasses firearms with forced reset triggers, it

Criminal No. 22-511 (FAB)                                                8

should apply the rule of lenity and construe the statute in favor of the defendant. (Docket No. 43 at p. 14-16.) Alicea also devotes a section of his motion to dismiss in arguing that the ATF's interpretation of the statute via its open letter is a violation of the Administrative Procedure Act, a civil statute that governs the function of the administrative state. Id. at pp. 16-18. Since the Court is not analyzing at this time whether the facts proposed by Alicea fit the statute, there is no need to apply the rule of lenity or determine whether the ATF's open letter has any relevance in interpreting the same.

**IV.  Conclusion**

For the reasons set forth above, Alicea's motion to dismiss the indictment is **DENIED**. (Docket No. 43.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 7, 2023.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE