# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>    v.<br><br>WILMER ALICEA-CURRÁS,<br><br>    Defendant. | CRIMINAL No. 22-511 (FAB) |

## REPORT AND RECOMMENDATION

### I.  PROCEDURAL BACKGROUND

On December 1, 2022, a federal grand jury indicted Wilmer Alicea-Currás ("Defendant") on two counts of possession of a machinegun in violation of 18 U.S.C. § 922(o). ECF No. 1. On February 9, 2023, Defendant moved to dismiss the indictment. ECF No. 14. Defendant's motion to dismiss the indictment was deemed moot because the grand jury returned a superseding indictment on April 20, 2023, charging Defendant with one count of possession of a machinegun in violation of 18 U.S.C. § 922(o) for the same firearms. ECF Nos. 28, 41. On June 5, 2023, Defendant moved to dismiss the superseding indictment. ECF No. 43. This motion to dismiss the superseding indictment was denied on July 7, 2023. ECF No. 51. On August 31, 2024, Defendant moved a second time to dismiss the superseding indictment on grounds that it fails to state a claim under 18 U.S.C. §§ 922(o) and 924(a)(2). ECF No. 119.

Defendant's second motion to dismiss (ECF No. 119) was referred to the undersigned for a report and recommendation. ECF No. 121. For the reasons that follow, it is recommended that Defendant's motion to dismiss be DENIED.

## II.   APPLICABLE LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). The First Circuit Court of Appeals has observed that "[w]hen a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances." *Whitehouse v. United States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995).

A defendant may move to dismiss an indictment for defects in the indictment, including lack of specificity and failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B). Defendants may not challenge the government's evidence, only the facial validity of the indictment. *United States v. Guerrier*, 669 F.3d 1, 3-4 (1st Cir. 2011) (citing *United States v. Eirby*, 262 F.3d 31, 37, 38 (1st Cir. 2001)). An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "What counts in [determining the sufficiency of the indictment] are the charging paper's *allegations*, which we must assume are true." *United States v. Guerrier*, 669 F.3d 1, 3-4 (1st Cir. 2011) (emphasis in original). Thus, a court must not determine whether the government has presented enough evidence to support the charge, but must determine "solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." *United States v. Chalwell*, 2023 WL 6346107, at *2 (D.P.R. Sept. 29, 2023) (citing *U.S. v. Savarese,* 686 F.3d 1, 7 (1st Cir. 2012). *See also U.S. v. Ngige,* 780 F.3d 497, 502 (1st Cir. 2015); *U.S. v. Guerrier*, 669 F.3d 1 (1st Cir. 2011); *U.S. v. Stepanets,* 879 F.3d 367, 372 (1st Cir. 2018).

**III.  ANALYSIS**

Under 18 U.S.C. § 922(o) ("Section 922(o)"), it is unlawful for any person to transfer or possess "machinegun," which is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger" is prohibited. 26 U.S.C. § 5845(b); 18 U.S.C. § 921(a)(24). According to the superseding indictment, Defendant knowingly possessed a machinegun, namely a "Sharp Brothers pistol … and one Zev Technologies pistol … that had been modified so that it was capable of firing more than one shot, without manual reloading, by a single function of the trigger." ECF No. 28 at 1.

Defendant argues in his motion to dismiss that the definition of "machinegun" under 26 U.S.C. § 5845(b) does not include firearms fitted with commercially available forced reset triggers ("FRTs"), "as they do not modify the concerning firearms to shoot automatically more than one shot, without manual reloading, by a single function of the trigger." ECF No. 119 at 1. To support his argument, Defendant spills much ink discussing the specific details of the mechanics of trigger functions in order to support his statutory argument that Congress did not intend for FRTs to be included in the statutory definition of a machinegun. *Id*. at 10-14. Moreover, as a result of recent Supreme Court rulings in *Garland v. Cargill*, 602 U.S. 406 (2024) and *Loper Bright Enterprises v. Raimondo,* 603 U. S. ___, (2024), Defendant argues that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") lacks the legal authority to reinterpret or redefine the statutory definition of a machinegun to include FRTs. ECF No. 119 at 22-24. The Government argues that Defendant's motion should be denied because the indictment sufficiently states an offense and involves disputed facts, that ATF has not made any rules or interpretations of Section 922(o), and regardless, that FRTs are machineguns under federal law. ECF No. 124.

### A. Question of Law

Whether FRTs, and specifically the "Powered by Graves, model Alamo-15" triggers, constitute a machinegun is both a question of fact and a question of law. Defendant contends that the matter before this Court is a clear question of law, namely, whether the definition of a machinegun, as set forth in 26 U.S.C. § 5845(b), includes firearms equipped with FRTs. ECF No. 119 at 5. In support of this contention, Defendant discusses the statutory background, arguing that if something more than a single function of the trigger is required to fire multiple shots, then the firearm does not fall within the statutory definition of a machinegun. *Id*. at 6 (citing *Cargill*, 602 U.S. at 424). Defendant argues that this statutory definition is controlling because ATF's broadening of this statutory interpretation of "machinegun" in 27 C.F.R. § 479.11 (2018) "represents an overreach of regulatory authority that cannot be legitimized through deference." ECF No. 119 at 24 (citing *Loper Bright Enterprises, et. Al. v. Raimondo, Secretary of Commerce, et al.*, 144 S.Ct. 2244 (2024)). Defendant cites agency subdivisions reports and an ATF Open Letter applying the ATF's revised definition of "machinegun," which find that versions of FRTs, including FRT-15 and Wide Open Trigger ("WOT"), are machineguns. ECF No. 119 at 7-8. The Government argues that Defendant's reliance on *Cargill* is misplaced because the Supreme Court in that case considered the applicability of non-mechanical bump stocks, not FRTs. ECF No. 124 at 7. The Government further argues that the reports and the Open Letter do not alter the statutory definition as provided in 26 U.S.C. § 5845(b) or the prohibition under Section 922(o). *Id*.

As it currently stands, there is no "one-size fits all" approach to whether FRTs are machineguns. Defendant and the Government rely on different cases favoring their respective decisions.[1] Even the ATF has recognized that "some" FRT devices allow a firearm to

---

[1] Defendant relies on *National Association for Gun Rights, Inc., et al., v. Garland et al.,* __ F.Supp. 3d __, 2024 WL 3517504 (NDTX July 23, 2024) which found that two types of FRTs – FRT-15 and Wide Open Trigger, different if

automatically expel more than one shot with a single, continuous pull of the trigger. ECF No. 119 at 8 ("The Open Letter begins by stating that the ATF 'recently examined devices commonly known as [FRTs] and has determined that *some of them* are 'firearms' and 'machineguns' as defined in the National Firearms Act (NFA), and 'machineguns' as defined in the Gun Control Act (GCA)") (emphasis added). However, it is not necessary to reach a resolution at this time as to whether the facts proposed by Defendant fit the statute, as the motion to dismiss relies on facts that have not been explicitly stipulated by the Government.

### B. Question of Fact

An indictment must contain sufficient factual allegations, which a court must take as true. *Chalwell*, 2023 WL 6346107, at *2. Moreover, "a court must deny a motion to dismiss if the motion relies on disputed facts." *Stepanets*, 879 F.3d at 372. Here, the superseding indictment is succinct and mirrors the statutory language of Section 922(o); however, it contains no mention of how Defendant's firearms had been modified to make them capable of firing more than one shot, without manual reloading, by a single pull of the trigger, nor does it mention anything about FRTs or how FRTs work. ECF No. 28. While Defendant goes into a detailed account of how exactly "Powered by Graves, model Alamo-15" triggers work, the Government's response to Defendant's motion to dismiss neither stipulates nor rejects Defendant's account of the mechanics of how the trigger functions. ECF No. 124 at 5-6. Because how exactly "Powered by Graves, model Alamo-15" triggers work is a question of fact, and the Government has not stipulated to these facts, the particular mechanisms of the firearm will be facts that will be introduced at trial. Therefore,

---

not in substance at least in name from the ones in the case at bar – do not meet the statutory definition of a machinegun. ECF No. 119 at 10-12. This case is on appeal pending before the Fifth Circuit. The Government, however, relies on *U.S. v. Rare Breed Triggers, LLC et al.,* 690 F.Supp. 3d 51 (EDNY 2023), which comes to the opposite conclusion regarding FRT-15s and WOTs. ECF No. 124 at 13-14. This case is also on appeal on the Second Circuit. An appellate decision has not yet been rendered in either case.

Defendant's argument is not properly before the Court on a motion to dismiss the indictment, as it requires either impermissibly assuming facts or weighing proffered facts at a motion to dismiss stage. *See United States v. Rodríguez-Rivera*, 918 F.3d 32, 35 (1st Cir. 2019) ("a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts.") (quoting *United States v. Musso*, 914 F.3d 26, 29–30 (1st Cir. 2019)). *See also Ngige*, 780 F.3d at 502 (motion to dismiss properly denied where it "rested on factual disputes left to the factfinder"); Fed. R. of Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.").

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Defendant's motion to dismiss be DENIED. This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 16th day of December, 2024.

s/Marcos E. López<br>
U.S. Magistrate Judge