IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**                      **Criminal No.** 22—511 (FAB)

WILMER ALICEA-CURRÁS,

    **Defendant.**

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Wilmer Alicea-Currás ("Alicea")'s second motion to dismiss the superseding indictment. (Docket No. 119.) Magistrate Judge Marcos E. López issued a Report and Recommendation ("R&R") on December 16, 2024. United States v. Alicea-Currás, Case No. 22-511, 2023 U.S. Dist. LEXIS 228309 (D.P.R. Dec. 16, 2024) (López, Mag. J.); see Docket No. 130. This R&R recommends that the Court deny the second motion to dismiss. Id. For the reasons set forth below, the Court **ADOPTS** the R&R. Accordingly, Alicea's second motion to dismiss is **DENIED**.

## I.  Background

A grand jury returned a one-count superseding indictment on April 20, 2023, alleging that Alicea possessed a Sharp brothers pistol, model Jack-9, and a Zev Technologies pistol, model ZWV-FL, in violation of 18 U.S.C. § 922(o) (unlawful possession of a

machinegun).  (Docket No. 28.)  Pursuant to the Gun Control Act of

1968, a "machinegun" is:

> any weapon which shoots, is designed to shoot, or can be
> readily stored to shoot, automatically more than one
> shot, without manual reloading, by a single function of
> the trigger.  The term shall also include the frame or
> receiver of any such weapon, any part designed and
> intended solely and exclusively, or combination of parts
> designed and intended, for use in converting a weapon
> into a machinegun, and any combination of parts from
> which a machinegun can be assembled if such parts in the
> possession or under the control of a person.

See 18 U.S.C. § 821(a)(24) (incorporating by reference the National

Firearms Act of 1934, 26 U.S.C. § 5845(b), ("Section 5845(b)")).

The firearms that Alicea allegedly possessed are modified weapons,

capable of shooting "more than one shot" with the use of a "forced

reset trigger" ("FRT").  (Docket No. 43 at p. 2.)  An FRT is a

"device that forces the trigger back downward after the shooter's

initial pull, repeatedly pushing the curved lever against the

shooter's stationary trigger finger."  Garland v. Cargill, 602

U.S. 406, 443-44 (2024) (Sotomayor, J., dissenting).  The

government alleges that the weapons are machine guns.

### A.    The First Motion to Dismiss

Alicea first moved to dismiss the superseding indictment

on June 5, 2023, asserting that the "definition of 'machinegun' as

set forth in [Section 5845(b)] does not apply to the forced reset

triggers at issue."  (Docket No. 43 at p. 4.)  According to Alicea,

the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued an Open Letter on March 22, 2022 "stating that some of the forced reset triggers may convert a weapon into a machinegun, without mention as to which brands, make, or specifications." Id. at p. 3.  This Open Letter allegedly violated the Administrative Procedure Act.  Id.

The motion to dismiss relied predominately on Cargill v. Garland, 57 F.4th 447, 450 (5th Cir. 2023).  Id.  In that case, the Fifth Circuit Court of Appeals considered whether bump stocks fall within the ambit of Section 5845(b).  Cargill, 57 F.4th at 450.  Bump stocks are distinct from FRTs in several respects that are not relevant to this litigation.  See United States v. Rare Breed Triggers, LLC, 690 F. Supp. 3d 51, 86 (E.D.N.Y. 2023) (noting that FRTs are "unlike" bump stocks because the "mechanical functionality of [an FRT] means that even a novice shooter need only maintain finger pressure on the [trigger] to achieve rapid sequential fire").  Ultimately, the Fifth Circuit Court of Appeals held that a "non-mechanical bump stock is not a machinegun for purposes of the National Firearms Act and Gun Control Act." Cargill, 57 F.4th at 471.

This Court denied Alicea's first motion to dismiss on July 7, 2023, because "whether the government is able to prove [that he possessed a machinegun]" is a factual issue for the jury

Criminal No. 22—511 (FAB)                                                4

to resolve at trial.  <u>United States v. Alicea-Currás</u>, 681 F. Supp. 3d 1, 4 (D.P.R. 2023) (Besosa, J.).

**B.    Intervening Supreme Court Precedent**

After this Court denied Alicea's first motion to dismiss, the Supreme Court affirmed the Fifth Circuit Court of Appeals in <u>Garland v. Cargill</u>, 602 U.S. 406 (2024).  In <u>Cargill</u> the Supreme Court held that "bump stocks" are not "machineguns" within the context of Section 5845(b).  <u>Id.</u> at 410.  As of the date of this Opinion and Order, no other court within the First Circuit has cited this decision.

Just months before the publication of <u>Cargill</u>, the Supreme Court overturned <u>Chevron U.S.A. Inc. v. Natural Resources Defense Counsel Inc.</u>, 467 U.S. 837 (1984).  <u>See</u> <u>Loper Bright Enters. v. Raimondo</u>, 603 U.S. 369 (2024).  Now, courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority" without deferring to an agency's interpretation of a statute.  <u>Id.</u> at 412.

**C.    The Second Motion to Dismiss**

Alicea filed his second motion to dismiss on August 31, 2024, resurrecting the very arguments that this Court rejected in its July 7, 2023 Opinion and Order.  Docket No. 119; <u>see</u> <u>Alicea-Currás</u>, 681 F. Supp. 3d 1.  The Court referred the second motion to Magistrate Judge Marcos E. López, affording Alicea ample

opportunity to litigate this issue. (Docket Nos. 120 and 121.) The United States responded. (Docket No. 126.)

Magistrate Judge López issued an R&R on December 16, 2024. Alicea-Currás, 2024 U.S. Dist. LEXIS 228309. According to the R&R, Alicea's "argument is not properly before the Court [because it requires an impermissible assumption of facts]" before the commencement of trial. Id. (citation omitted). Alicea filed an objection and a supplemental motion setting forth recent case law purporting to support dismissal of the superseding indictment. (Docket Nos. 136 and 137.)

**D. The Motion to Suppress**

Alicea also moved to suppress incriminating statements and evidence obtained from his cellular phone. (Docket No. 44.) The Court denied Alicea's request to suppress his phone and the data extracted from this device, but reserved judgment regarding statements made to law enforcement officers during the execution of a search warrant. United States v. Alicea-Currás, 694 F. Supp. 3d. 184, 191 (D.P.R. 2023) (Besosa, J.). The Court set a suppression hearing for June 25, 2024. (Docket No. 97.) Alicea then requested a continuance "pursuant to recent developments arising from the Supreme Court's decision in [Cargill]." (Docket No. 98 at p. 2.) Consequently, the Court continued the suppression

Criminal No. 22—511 (FAB)                                                    6

hearing *sine die*, granting Alicea leave to file a second motion to dismiss.  (Docket No. 99.)

## II.  Legal Standard

An indictment is sufficient "if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy."  United States v. Ford, 839 F.3d 94, 104 (1st Cir. 2016) (internal quotation marks and citation omitted).  "[I]t is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words [contain] all the elements of the offense without any uncertainty or ambiguity."  United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002) (internal quotation marks and citation omitted).

To adjudicate a motion to dismiss, courts "must take the allegations in the indictment as true," cognizant that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense."  United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citation omitted).  Notably, the indictment need not provide a preview of the evidence to be adduced at trial.  See United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018)

(noting that the "government need not recite all of its evidence in the indictment").

Alicea moves to dismiss the superseding indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3) ("Rule 12(b)(3)") for failure to state an offense. (Docket No. 119 at p. 3.) A Rule 12(b)(3) inquiry cannot occur on a contested record. See Stepanets, 879 F.3d at 373—74 (reversing the dismissal of an indictment where the defendants set forth a factual argument concerning the meaning of a statute, rather than a legal argument that the indictment did not plead sufficient facts); Ngige, 780 F.3d at 502 (affirming the denial of a motion to dismiss the indictment where the defendant's argument "rested on factual disputes left to the factfinder").

**A.    Report and Recommendation: Standard of Review**

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); Loc. Rule 72(b). A party may file written objections to the magistrate judge's R&R within 14 days of publication. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); Loc. Rule 72(d).

A party that files a timely objection is entitled to "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  An issue not raised before the magistrate judge may be deemed waived by the district court.  <u>Borden v. Sec. of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>see also Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.").

In conducting its review, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); <u>see</u> Loc. R. 72(d); <u>Álamo-Rodríguez v. Pfizer Pharms., Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.).  "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  <u>See</u> <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247-48 (1st Cir. 1985); <u>Hernández-Mejías v. Gen. Elec.</u>, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.).

## III. Discussion

As a preliminary matter, the magistrate judge determined that Alicea's second motion to dismiss presents a mixed question of law and fact.  <u>Alicea-Currás</u>, 2024 U.S. Dist. LEXIS 228309, at *4.

Alicea maintains, however, that the superseding indictment "is
fatally flawed and must be dismissed as a matter of law." (Docket
No. 119 at p. 5.)   In an effort to convince the Court that the
firearms he allegedly possessed are not machineguns, Alicea
provides an "overview of the relevant components of a semiautomatic
rifle," complete with photo depictions of the hammer,
disconnector, and trigger. Id. at p. 12.  The motion is replete
with technical data invocative of reports submitted by expert
witnesses.  The R&R is correct:  To grant the relief requested in
the second motion to dismiss would require this Court to accept as
true Alicea's rendition of the facts, which the United States
disputes.  Whether FRTs are machineguns pursuant to Section 5845(b)
is a red herring.  The dispositive inquiry in this case is not
whether the firearms described in the indictment are machineguns,
but whether the superseding indictment sets forth a "plain,
concise, and definite written statement of the essential facts
constituting the offense charged."  See Fed. R. Crim. P. 7(c)(1).

On January 24, 2025, Alicea submitted an unpublished opinion
from the United States District Court for the Southern District of
Texas in support of his second motion to dismiss.  (Docket
No. 137.)  In United States v. Bruggeman, a defendant charged with
violating Section 922(o) moved to dismiss an indictment based on
the same arguments set forth by Alicea in this case.  (Case

No. 22-185, Docket No. 72.)    The United States responded,
contending that the "defendant's machinegun argument is
inappropriate for a pretrial motion to dismiss because it relies
on disputed facts – and instead should be resolved at trial." Id.,
Docket No. 82 at pp. 1-2.  The Bruggeman court ultimately granted
the defendant's motion to dismiss on January 16, 2025 based on a
factual analysis of how FRTs function.  Id., Docket No. 84 at p. 9
(Jan. 16, 2025).[1]  The Court declines to follow Bruggeman, and will
not engage in a consideration of how FRTs function without a
factual record developed before a jury.

A more prudent and legally sound precedent is United States
v. Johnson, Case No. 24-2049, 2024 U.S. Dist. LEXIS 204388 (E.D.
Mich. Nov. 8, 2024).  The defendant in Johnson moved to dismiss
the indictment, asserting that a "switch" device is not a
machinegun within the meaning of section 5845(b).  The district
court denied the motion to dismiss, holding that the arguments set
forth by the defendant "require[d] a factual determination that
can only be achieved at trial." Id., at *2.

"[Alicea's] argument is not properly before the Court on a
motion to dismiss the indictment; it requires either impermissibly
assuming facts or weighing proffered facts [before trial]."

---

[1] The United States filed a notice of appeal on February 13, 2025.  See United
States v. Bruggeman, Case No. 25-40082, Docket No. 1.

Criminal No. 22—511 (FAB)                                          11

Alicea-Currás, 2024 U.S. Dist. LEXIS 228309, at *7; see United States v. Moulton, Case No. 24-14031, 2024 U.S. Dist. LEXIS 227035, at *6 (S.D. Fla. Nov. 13, 2024) ("Defendant believes the Government's evidence, presumably that Defendant possessed an unregistered Glock, will not be sufficient to meet the statutory definition of 'machinegun' set forth in 26 U.S.C. § 5945(b). Defendant cannot raise this type of pre-trial challenge, however, because the Federal Rules of Criminal Procedure do not offer a pre-trial remedy akin to a civil summary judgment."); United States v. Marbelt, 129 F. Supp. 2d 49, 56 (D. Mass. 2000) ("A motion to dismiss an indictment is not a device for a summary trial of the evidence, but rather is directed only to the question of the validity of the indictment on its face") (citation and quotation omitted); United States v. Russell, 919 F.2d 795, 797 (1st Cir. 1990) ("As a general rule, when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial") (citations omitted). Accordingly, the Court **ADOPTS** the R&R. Alicea's second motion to dismiss is **DENIED**.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the magistrate judge's December 16, 2024 Report and Recommendation.

Criminal No. 22—511 (FAB)                                              12

(Docket No. 130.)  Consequently, Alicea's motion to dismiss the

indictment is **DENIED**.  (Docket No. 119.)

    The Court will schedule the suppression hearing by a separate

order.

    **IT IS SO ORDERED**.

    San Juan, Puerto Rico, February 20, 2025.


                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    SENIOR UNITED STATES DISTRICT JUDGE